IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

J&J SPORTS PRODUCTIONS, INC.,

    Plaintiff,

  v.

ROBERTO MUNOZ,

    Defendant.

                              /

No. C 12-05780 WHA

**ORDER GRANTING IN PART PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT**

## INTRODUCTION

In this action for damages resulting from the unlawful interception and intentional exhibition of a sporting program broadcast, plaintiff applies for default judgment. To the extent below, the application is **GRANTED IN PART**.

## STATEMENT

Plaintiff J&J Sports Productions, Inc. is a California corporation with its principal place of business in California (Compl. ¶ 6). Defendant Roberto Munoz is alleged to be the owner and operator of commercial establishment "Sol Azteca Market" operating in California (*id.* at ¶ 7). The complaint alleges that plaintiff was granted the exclusive nationwide commercial distribution rights to "Manny Pacquiao v. Juan Manuel Marquez III WBO Welterweight Championship Fight Program," which was broadcast nationally on November 12, 2011 (*id.* at ¶ 14). Plaintiff alleges that defendant was responsible for Sol Azteca Market's unlawful interception and broadcast of the Program on its premises (*id.* at ¶ 11).

On the day of the fight, an investigator visited Sol Azteca Market for about four minutes. He paid no entry fee, nor did he purchase any food or drink (*ibid.*). During those four minutes, he happened to witness undercard boxer "Mike Alverado [sic]" knock boxer "Bredis [sic] Prescott" to the floor during the tenth and final round of their bout (Gravelyn Decl. at 2). The investigator also estimated that the capacity of the establishment to be about 100 people, though by his estimates, only ten people were present during three separate head counts (*id.* at 2–3).

Plaintiff filed this complaint in November 2012. The Clerk entered default in January 2013 (Dkt. No. 13). Plaintiff filed the instant motion for default judgment in February 2013 (Dkt. No. 14). Despite being served, defendant has not responded to the complaint. The deadline for defendant's response to the instant application has passed. He did not show up to the hearing.

The scope of relief sought is somewhat murky. In its complaint, plaintiff alleged four claims: (1) violation of 47 U.S.C. 605 (unlawful interception of "radio communication"); (2) violation of 47 U.S.C. 553 (unlawful interception "over a cable system"); (3) conversion; and (4) violation of California Business & Professions Code Section 17200. In its application for default judgment, however, plaintiff seeks default judgment only as to its 47 U.S.C. 605, 47 U.S.C. 553, and conversion claims. In its memorandum in support, plaintiff seeks default judgment for only its 47 U.S.C. 605 and conversion claims. Throughout both the application and memorandum, plaintiff repeatedly states it seeks a sum of $112,000 under 47 U.S.C. 605 and conversion. Plaintiff also appended a proposed order stating that plaintiff should receive $112,000 for its claim for violation of 47 U.S.C. 605 and conversion.

Plaintiff's counsel, however, specifies that "[p]laintiff seeks relief on only two (2) of the four (4) causes of action" and lists plaintiff's 47 U.S.C. 605 and conversion claims (Riley Decl. at 2). Therefore, this order shall only discuss those two claims. Plaintiff's other claims are deemed forfeited. To the extent below, plaintiff's application for default judgment is **GRANTED IN PART**.

**ANALYSIS**

An entry of default "does not entitle the non-defaulting party to a default judgment as a matter of right," *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 785 (9th Cir. 2011), though a court *may* do so. FRCP 55(b)(2). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (citations omitted). Our court of appeals outlined several factors that a court, in its discretion, may consider:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Furthermore, "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)). This order now turns to the merits and sufficiency of plaintiff's 47 U.S.C. 605 and conversion claims.

**1.     MERITS AND SUFFICIENCY OF PLAINTIFF'S 47 U.S.C. 605 CLAIM.**

Our court of appeals acknowledges that 47 U.S.C. 605 and 47 U.S.C. 553 have "potentially intricate issues of overlap and distinction," though "one . . . speaks more to cable television, [and] the other more to satellite television." *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 349 n.1 (9th Cir. 1999). In *Cal. Satellite Sys. v. Seimon*, our court of appeals held liability under 47 U.S.C. 605 required proof that defendant has "(1)intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication by . . . plaintiff." 767 F.2d 1364, 1366 (9th Cir. 1985) (quoting *Nat'l Subscription Television v. S&H TV*, 644 F.2d 820, 826 (9th Cir. 1981)) (internal quotation marks omitted). Plaintiff submits that "[t]he majority of courts have found that Section 605 applies to cases where the end-user offender obtained a proprietary broadcast by way of a satellite (rather than cable) television programming system." (Dkt. No. 14, Memorandum, at 8). Previous orders from the undersigned judge and others in this district have so ruled. *See e.g.*, *J&J Sports Prod., Inc. v. Concepcion*, No. 10-5092, 2011 WL 2220101 (N.D. Cal. June 7, 2011); *J&J Sports*

3

*Prod., Inc. v. Basto*, No.10-5122, 2011 WL 2197756 (N.D. Cal. June 6, 2011) (Judge Phyllis J. Hamilton).

Plaintiff, however, admits it does not know which method defendant allegedly used to broadcast the program at issue (Dkt. No. 14, Memorandum, at 8). Plaintiff's own investigator completed a fill-in-the-blank affidavit, stating that Sol Azteca Market does not have a satellite dish (Gravelyn Decl. at 2). Furthermore, pictures taken of all four sides of Sol Azteca Market do not reveal a satellite dish (*id.* at 7–8). Thus, even after taking plaintiff's well-pleaded factual allegations as true, it is not, as plaintiff submits, "inherently reasonable in this instance" to conclude defendant employed the use of a satellite programming system under 47 U.S.C. 605 (Dkt No. 14, Memorandum, at 8). Therefore, plaintiff's application for default judgment under 47 U.S.C. 605 is **DENIED**. This order will now assess plaintiff's conversion claim.

**2.     MERITS AND SUFFICIENCY OF PLAINTIFF'S CONVERSION CLAIM.**

In *Mindys Cosmetics, Inc. v. Dakar*, our court of appeals outlined the elements of a conversion claim under California law.

> "Conversion is the wrongful exercise of dominion over the property of another." The elements of a conversion claim are (1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. It is necessary to show that the alleged converter has assumed control over the property "or that the alleged converter has applied the property to his own use."

*Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 601 (9th Cir. 2010) (quoting *Oakdale Vill. Grp. v. Fong*, 43 Cal. App. 4th 539, 543–44 (1996)). Generally, allegations that "parrot the language" of a particular claim's elements are not well-pleaded facts that a court must take as true when reviewing a default judgment. *See DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). By describing defendant's acts as "tortuously [sic] obtain[ing] possession of the *Program* and wrongfully convert[ing] same for [his] own use and benefit" (Compl. ¶ 29) (emphasis in original), plaintiff states legal conclusions that defendant is not held to have admitted through default. *DIRECTV, Inc.*, 503 F.3d at 854 (citations omitted).

Plaintiff, however, has also submitted its investigator's sworn affidavit attesting to the program at issue being shown at Sol Azteca Market. Plaintiff's president submitted a sworn

4


affidavit attesting that the price defendant should have paid to sublicense the program was $2,200. Based on these sworn declarations, this order can reasonably infer plaintiff has established the elements of a claim for conversion. Therefore, plaintiff's application for default judgment as to conversion is **GRANTED**.

## CONCLUSION

To the extent stated above, plaintiff's application for default judgment is **GRANTED IN PART**. Plaintiff is denied relief under 47 U.S.C. 605, awarded $2,200 for conversion, and denied attorney's fees and costs.

**IT IS SO ORDERED.**

Dated: March 25, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE